# In the United States Court of Federal Claims

No. 23-1948C
(Filed: June 4, 2024)
**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| ANDREW ROBERT MCLELLAN, | \* |
|  | \* |
| Plaintiff, | \* |
|  | \* |
| v. | \* |
|  | \* |
| THE UNITED STATES, | \* |
|  | \* |
| Defendant. | \* |
|  | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Plaintiff Andrew Robert McLellan, proceeding *pro se*, has filed a complaint in this Court. *See* Complaint (ECF 1). The government has moved to dismiss under RCFC 12(b)(1) and 12(b)(6). *See* Motion (ECF 5); *see also* Pl.'s Resp. (ECF 8); Def.'s Reply (ECF 9). The motion to dismiss is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings") (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)).

Plaintiff purports to represent entities other than himself. *See* Compl. at 5.[1] As a *pro se* litigant, Plaintiff is allowed (at most) to represent a member of his "immediate family," but not any other party. RCFC 83.1(a)(3); *see also, e.g.*, *Endres v. United States*, No. 23-1536C, 2023 WL 8294786, at *1 (Fed. Cl. Nov. 30, 2023); *Ricks v. United States*, 159 Fed. Cl. 823, 824 n.1 (2022). Many of Plaintiff's claims, furthermore, are directed at private individuals, businesses, or Pennsylvania state officers. *See* Compl. at 5–6. But this Court has no jurisdiction over claims against defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Claims belonging to other people or arising from acts of entities other than the United States must be dismissed.

At most, Plaintiff directs certain claims at the National Credit Union Administration. *See* Compl. at 5–6. But Plaintiff demands equitable relief, not monetary relief. *See id.* at 19–20; *see also* Pl.'s Resp. at 4. As relevant here, this Court can only grant equitable relief "as an incident of and collateral to" a money judgment. 28 U.S.C. § 1491(a)(2). Plaintiff has not even asked for a money judgment, and this Court cannot hear a request for equitable relief alone. *Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998).

Another problem with Plaintiff's claims is that their subject matter is outside this Court's jurisdiction. Claims for money in this Court are generally premised on (1) contracts between the plaintiff and the United States, (2) illegal exactions of money by the United States, or (3) laws or constitutional provisions that require the United States to pay money to the plaintiff. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing 28 U.S.C. § 1491(a)(1)); *Spencer v. United States*, 98 Fed. Cl. 349, 355 (2011). Plaintiff's claims do not fit into those boxes.

Plaintiff does not allege any exaction of money. At most, Plaintiff describes his claim as a "response" to litigation against him in federal district court, or possibly a debt collection or mortgage foreclosure action. *See* Compl. at 8. This Court does not have jurisdiction to review the decisions of other courts. *See, e.g.*, *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *Jones*, 440 F. App'x at 918.

Plaintiff does mention contracts. *See* Pl.'s Resp at 2–4. But he appears to be referring to his Social Security number or private investments, which do not involve contracts with the United States. *See Gravatt v. United States*, 100 Fed. Cl. 279, 286 (2011).

---

[1] Using the electronic case filing system's pagination.

Nor does he state a claim based on any source of law requiring payment of money. He cites Pennsylvania state laws as well as federal antitrust, criminal, and civil rights laws, *see* Compl. at 7, none of which can support claims in this Court. *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007); *Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019); *Jones*, 440 F. App'x at 918; *Smith v. United States*, 34 Fed. Cl. 313, 321 (1995).

Although he mentions a taking of property, *see* Compl. at 7, he does not state a claim under the Fifth Amendment either. To be entitled to compensation under the Takings Clause of the Fifth Amendment, a plaintiff must "show that the United States, by some specific action, took a private property interest for public use without just compensation." *Mandry v. United States*, 165 Fed. Cl. 170, 172–73, *aff'd*, 2023 WL 7871692 (Fed. Cir. 2023) (quoting *Arbelaez v. United States*, 94 Fed. Cl. 753, 762 (2010)). "A compensable taking arises only if the government action in question is authorized." *Del-Rio Drilling Programs v. United States*, 146 F.3d 1358, 1362 (Fed. Cir. 1998) (citing *United States v. North Am. Transp. & Trading Co.,* 253 U.S. 330, 333 (1920)). Though a government officer's behavior is not unauthorized merely because it is unlawful, *see id.* (citing *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 695 (1949)), an officer must "act[] within the normal scope of his duties" in order for his actions to give rise to a compensable taking. *See id.* at 1362–63 (quoting *Ramirez de Arellano v. Weinberger*, 724 F.2d 143, 151 (D.C. Cir. 1983)). In addition, a plaintiff is only entitled to compensation under the Takings Clause when he has "a valid property interest at the time of the taking[.]" *Wyatt v. United States*, 271 F.3d 1090, 1096 (Fed. Cir. 2001). Whether a valid property interest exists must be determined with respect to "existing rules or understandings that stem from an independent source such as state law." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Plaintiff does not mention any property taken by any federal officer acting within the scope of his duties.

Defendant's motion to dismiss is **GRANTED** and the case is **DISMISSED**, without prejudice, for lack of jurisdiction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction

- 4 -

there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice.").

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
